UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-12201 PA (PDx) | | Date | April 22, 2026 |
|---|---|---|---|---|
| Title | Jane Doe v. Quanovate Tech Inc. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Motion to Compel Arbitration and Strike Class Allegations ("Motion to Compel Arbitration") filed by defendant Quanovate Tech Inc. ("Defendant") (Docket No. 33).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for May 4, 2026 is vacated, and the matter taken off calendar.

Defendant filed its Motion to Compel Arbitration on April 3, 2026, and set it for a hearing on May 4, 2026.  According to the Motion to Compel Arbitration, plaintiff Jane Doe ("Doe") agreed to terms and conditions while using Defendant's website that include an arbitration agreement.  On the same day that Defendant filed the Motion to Compel Arbitration, the Court denied Doe's Motion to Proceed under Pseudonym, and ordered Doe to "file a First Amended Complaint using her real name by no later than April 20, 2026."  The Court warned that "[f]ailure to file a First Amended Complaint by that date may, without further warning, result in the dismissal of this action without prejudice."

Doe did not timely file an Opposition to the Motion to Compel Arbitration.  Doe also did not respond after Defendant filed a Notice of Non-Opposition on April 14, 2026, after the expiration of Doe's April 13, 2026 deadline to file an Opposition to the Motion to Compel Arbitration.  On April 20, 2026, two new individuals, Sierra Calhoun and Darrick Suen ("Calhoun and Suen"), purported to file a First Amended Complaint ("1st AC") in this action in which they explain that Doe "decided to withdraw from this action."  The filing of the 1st AC by Calhoun and Suen appears to exceed the scope of the Court's April 3, 2026 Order, because it only granted Doe leave to "file a First Amended Complaint using her real name . . . ."

Nor does it appear that the Federal Rules of Civil Procedure allow Calhoun and Suen to file the 1st AC as a matter of right.  Specifically, although April 20, 2026 was within 21 days of the filing of the Motion to Compel Arbitration, and that Motion included a Motion to Strike,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-12201 PA (PDx) | Date | April 22, 2026 |
|---|---|---|---|
| Title | Jane Doe v. Quanovate Tech Inc. | | |

Rule 15(a)(1) provides only that "[a] party may amend its pleading once as a matter of course no later than" 21 days after service of a Rule 12(f) motion. Calhoun and Suen were not parties when they filed the 1st AC, and Doe withdrew from the action and is not named in the 1st AC, so she cannot be considered to have amended her pleading. Indeed, the language of Rule 15(a)(1) indicates that only the existing party may amend "its" pleading. Calhoun and Suen did not amend their pleading because they were not parties to the original Complaint.

Calhoun and Suen have not responded to the Motion to Compel Arbitration or in any other way sought to prevent the Court from reaching the merits of the Motion to Compel Arbitration and concluding that the arbitration provision applicable to Doe also applies to them. Nor does the 1st AC appear to contain any allegations in which Calhoun and Suen attempt to allege facts that differentiate themselves from Doe or provide any reason why the Motion to Compel Arbitration does not apply to them.

The Court therefore orders Calhoun and Suen to show cause in writing why the Court should not grant the Motion to Compel Arbitration based on either their failure to file an Opposition as provided in Local Rule 7-12, or because the arbitration provision applies to them for the same reasons stated in the Motion to Compel Arbitration as applied to Doe. The Court additionally orders Calhoun and Suen to show cause in writing why, if they contend that the Court should not grant the Motion to Compel Arbitration and order their claims to arbitration, why the Court should not strike the 1st AC as exceeding the scope of amendment allowed in the Court's April 3, 2026 Order and in excess of Rule 15(a)(1)'s provisions allowing for amendments as a matter of course. Calhoun and Suen shall file their Response to these Orders to Show Cause by no later than April 29, 2026. Failure to adequately or timely respond may result in the claims of Calhoun and Suen being ordered to arbitration or the dismissal of this action without further warning. Upon review of the Response filed by Calhoun and Suen, the Court will notify Defendant if it need respond to the Response. Defendant need not respond to the 1st AC pending further order of the Court.

IT IS SO ORDERED.